## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS
### AT KANSAS CITY

| | | |
|---|---|---|
| JACQUELYN HILL, | ) | |
| | ) | Case No.  2:21-cv-02179 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MEDICAL-SURGICAL EYE CARE, P.A., | ) | |
| | ) | |
| Defendant. | ) | |

### PLAINTIFF'S AMENDED COMPLAINT

COMES NOW, Plaintiff Jacquelyn Hill, and in support of her Complaint against Defendant Medical-Surgical Eye Care, P.A., states, alleges, and avers as follows:

### PARTIES

1.     Plaintiff Jacquelyn Hill is a Kansas resident.

2.     Defendant Medical-Surgical Eye Care, P.A., (hereinafter, "MSEC") is a Kansas professional association.  It may be served through its registered agent, K. Dwight Hendricks, M.D, at 8919 Parallel Parkway, Room 226, Kansas City, Kansas, 66112.

3.     Plaintiff was an employee of the Defendant, for three years, until her termination on March 19, 2019.

4.     Plaintiff worked for Defendant at 8918 Parallel Parkway, in Kansas City, Kansas.

### SUBJECT MATTER JURISDICTION

5.     The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

6.     Pursuant to 28 U.S.C. § 1331, the Court has jurisdiction of the claims asserted herein, under federal law.  Pursuant to § 1367, the Court has subject matter jurisdiction over all other claims asserted herein (supplemental jurisdiction).

1

## PERSONAL JURISDICTION

7.      The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

8.      Because Defendant does business in Kansas and because the acts giving rise to the causes of action asserted herein occurred in Kansas, the Court has personal jurisdiction over them.

9.      Venue is proper in the Kansas City Division, as it is the division in which the acts alleged occurred.

## FACTS COMMON TO ALL COUNTS

10.     The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

11.     Plaintiff worked at MSEC for 3 years.

12.     On April 30, 2018, Plaintiff underwent a double mastectomy, because she has had a long family history of breast cancer.

13.     In March 2019, Plaintiff underwent reconstructive surgery.

14.     Later that month, Plaintiff notified her employer that she was going to apply for short term disability.

15.     On March 19, 2019, Plaintiff was fired while on short term disability.

16.     On this basis, Plaintiff filed an EEOC complaint in August, 2019, alleging discrimination on the bases of sex and disability, and alleging retaliation for engaging in the protected activity of seeking short term disability

17.     Plaintiff's EEOC number in her charge is 563.2019-02757.

18.     On or about January 19, 2021, Plaintiff received a right to sue letter from the EEOC.

19.     Thus, her administrative remedies have been exhausted.

### COUNT I.     DISABILITY DISCRIMINATION

20.    Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

21.    MSEC was an employer, pursuant to 42 U.S.C. §12111(2) and (5).

22.    Plaintiff was an employee of MSEC pursuant to 42 U.S.C. §12111(4).

23.    Plaintiff was perceived as disabled by MSEC, because of her condition.  The condition affected Plaintiff's everyday life activities, including but not limited to sleeping, sitting, standing, walking, communicating, traveling, socializing, and working.

24.    Further, Plaintiff applied for short term disability, and was, in fact, on short term disability when she was terminated.

25.    MSEC knew of Plaintiff's condition and its propensity to limit Plaintiff's everyday life activities.

26.    Plaintiff, with or without a reasonable accommodation, was able to perform the essential functions of the employment position that she held.

27.    Pursuant to 42 U.S.C. §12111(8), considering the allegations set forth in the immediately foregoing paragraphs of this subsection, Plaintiff was a qualified individual.

28.    By applying for short term disability, Plaintiff requested a reasonable accommodation, pursuant to 42 U.S.C. §12111(9).

29.    42 U.S.C. §12112(a) prohibits MSEC from discriminating against any qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

30.    Plaintiff was subject to adverse action, as set forth above, on the basis of her disability, to wit, and including but not limited to:  failing to consistently accommodate Plaintiff's request to go on– and return from– short term disability, failing to fully accommodate the request for short term

3

disability, reprimanding Plaintiff, and ultimately terminating Plaintiff's employment.

31.    The adverse employment actions alleged above directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment, and frustration.

32.    The person or persons who failed to accommodate and/or discriminated against Plaintiff were agents of MSEC who were acting in the course and scope of their agency and employment with the same.

33.    Thus, MSEC is in violation of 42 U.S.C. §12112(a), and other provisions of the Americans with Disabilities Act.

34.    MSEC, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.  It is therefore liable for punitive damages in an amount sufficient to punish it and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against MSEC on Count I of her Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to:

a.   an award of back pay, including lost benefits, bonuses, and cost of living increases;

b.   an award of front pay, and for any other compensatory damages;

c.   pre-judgment and post-judgment interest;

d.   pain and suffering, and emotional distress;

e.   the equitable relief of a determination that Plaintiff has been subjected to unlawful discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §12112(a), and related statutes, and further that such discrimination subjected Plaintiff to a deprivation of her rights, privileges, protections, and entitlements under

the law;

f.   the equitable relief of a permanent injunction enjoining MSEC from continuing to adopt, apply, and enforce policies, regulations, directives, decisions, procedures, and practices which prevent, prohibit, restrain, and restrict Plaintiff from exercising her statutorily protected rights;

g.   the equitable relief of an order compelling MSEC to rescind Plaintiff's termination, and forthwith, restoring her to her previous position of employment;

h.   the equitable relief of a permanent injunction restraining and preventing MSEC from continuing to discriminate and retaliate against Plaintiff, from continuing to interfere with and infringe upon the rights of Plaintiff, and from otherwise violating its statutory obligations;

i.   an award of punitive damages;

j.   an award of attorneys' fees, and all other damages, expenses, and costs incurred; and for other relief as the Court deems proper and just.

## COUNT II.   SEX DISCRIMINATION

35.   Plaintiff incorporates all the preceding paragraphs and allegations by reference as if more fully set forth herein.

36.   MSEC was an employer, pursuant to 42 U.S.C. §2000e(b).

37.   Plaintiff was an employee of MSEC pursuant to 42 U.S.C. §2000(f).

38.   Plaintiff is a female, and a mastectomy and breast reconstruction are procedures customarily associated with the female sex.

39.   By asking for time off to treat a condition related to her sex, Plaintiff was seeking an accommodation that is mostly requested by females, vis-à-vis males.

40.   MSEC denied Plaintiff her short term disability, and fired her.  By doing this, MSEC

treated Plaintiff differently than other similarly situated male employees.

41.     42 U.S.C. §2000e-2 makes it unlawful for an employer to discharge an employee, or to otherwise discriminate against an employee on the basis of sex.

42.     Plaintiff was subject to adverse action, as set forth above, on the basis of sex, to wit, and including but not limited to:   failing to consistently accommodate Plaintiff's request to go on– and return from– short term disability, failing to fully accommodate the request for short term disability, reprimanding Plaintiff, and ultimately terminating Plaintiff's employment– all on the basis of sex.

43.     The adverse employment actions alleged above directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment, and frustration.

44.     The person or persons who failed to accommodate and /or discriminated against Plaintiff Plaintiff were agents of MSEC who were acting in the course and scope of their agency and employment with the same.

45.     Thus, MSEC is in violation of 42 U.S.C. §2000e-2, and other provisions of the Title VII of the Civil Rights Act.

46.     MSEC, through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights.  It is therefore liable for punitive damages in an amount sufficient to punish it and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against MSEC on Count II of her Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to:

     a.   an award of back pay, including lost benefits, bonuses, and cost of living increases;

     b.   an award of front pay, and for any other compensatory damages;

c.   pre-judgment and post-judgment interest;

d.   pain and suffering, and emotional distress;

e.   the equitable relief of a determination that Plaintiff has been subjected to unlawful discrimination in violation of the Civil Rights Act, 42 U.S.C. §2000e, and related statutes, and further that such discrimination subjected Plaintiff to a deprivation of her rights, privileges, protections, and entitlements under the law;

f.   the equitable relief of a permanent injunction enjoining MSEC from continuing to adopt, apply, and enforce policies, regulations, directives, decisions, procedures, and practices which prevent, prohibit, restrain, and restrict Plaintiff from exercising her statutorily protected rights;

g.   the equitable relief of an order compelling MSEC to rescind Plaintiff's termination, and forthwith, restoring her to her previous position of employment;

h.   the equitable relief of a permanent injunction restraining and preventing MSEC from continuing to discriminate and retaliate against Plaintiff, from continuing to interfere with and infringe upon the rights of Plaintiff, and from otherwise violating its statutory obligations;

i.   an award of punitive damages;

j.   an award of attorneys' fees, and all other damages, expenses, and costs incurred; and

for other relief as the Court deems proper and just.

### **COUNT III:  RETALIATION (Sex and Disability Discrimination)**

47.     The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

48.     Plaintiff engaged in protected activity by, inter alia, requesting an accommodation for her disability, and by requesting time away from work to treat her condition.

49.     Plaintiff further engaged in protected activity by seeking– and taking– short term disability.

50.     42 U.S.C. §2000e-3(a) prohibits retaliation by employers against employees who engage in protected activity.

51.     MSEC retaliated against Plaintiff by subjecting her to adverse action, as set forth above, to wit, and including but not limited to:  failing to consistently accommodate Plaintiff's request to go on– and return from– short term disability, failing to fully accommodate the request for short term disability, reprimanding Plaintiff, and ultimately terminating Plaintiff's employment.

52.     These materially adverse acts directly and proximately caused Plaintiff to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, intimidation, embarrassment and frustration.

53.     MSEC, through its agents or employees, acted outrageously by engaging in retaliatory practices with malice or reckless indifference to Plaintiff's federally protected rights.  It is therefore liable for punitive damages in an amount sufficient to punish it and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against MSEC on Count III of her Complaint, for all actual damages and losses shown in evidence, and determined by a jury to be reasonable and fair, including, but not limited to:

    a.   an award of back pay, including lost benefits, bonuses, and cost of living increases;

    b.   an award of front pay, and for any other compensatory damages;

    c.   pre-judgment and post-judgment interest;

    d.   pain and suffering and emotional distress;

    e.   the equitable relief of a determination that Plaintiff has been subjected to unlawful retaliation in violation of the Americans with Disabilities Act, the Civil Rights Act,

8

42 U.S.C. §2000e-3(a), and related statutes, and further that such retaliation subjected Plaintiff to a deprivation of her rights, privileges, protections, and entitlements under the law;

f.   the equitable relief of a permanent injunction enjoining MSEC from continuing to adopt, apply, and enforce policies, regulations, directives, decisions, procedures, and practices which prevent, prohibit, restrain, and restrict Plaintiff from exercising hers statutorily protected rights;

g.   the equitable relief of an order compelling MSEC to rescind Plaintiff's termination, and forthwith, restoring her to her previous position of employment;

h.   the equitable relief of a permanent injunction restraining and preventing MSEC from continuing to discriminate and retaliate against Plaintiff, from continuing to interfere with and infringe upon the rights of Plaintiff, and from otherwise violating its statutory obligations;

i.   an award of punitive damages;

j.   an award of attorneys' fees, and all other damages, expenses, and costs incurred; and for other relief as the Court deems proper and just.

## COUNT IV:   BREACH OF CONTRACT

54.   The Plaintiff incorporates by reference the previous paragraphs as though more fully set forth herein.

55.   Plaintiff performed services for MSEC.   In return for those services, MSEC compensated her.  This constitutes a contract of employment, pursuant to Kansas common law.

56.   Further, as a part of her employment, Plaintiff received certain benefits including but not limited to retirement compensation, health insurance, disability insurance, short term disability, and paid time off.

57.     The implications of Plaintiff's employment with Defendant, when taken as a whole, created an implied expectation that Plaintiff would not be discharged by Defendant, except for just cause.

58.     Furthermore, the existence of a short term disability policy created the expectation that Plaintiff would not be terminated for exercising her right to take advantage of the policy.

59.     When Plaintiff was terminated, it was without just cause.

60.     This action by Defendant constituted a breach of implied contract.

61.     Defendant further breached the implied covenant of good faith and fair dealing, by terminating Plaintiff without just cause.

62.     Plaintiff has mitigated her damages.

63.     As a direct and proximate result of the afore-mentioned breach of contract, Plaintiff has sustained damages.

WHEREFORE, Plaintiff requests the Court enter judgment against Defendant on Count IV of her Complaint; for an award of all consequential damages, including back pay, loss of benefits, pension, retirement, and any other damages allowable at law; and for any other relief the Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all applicable issues, counts, and claims asserted in this Cause of Action.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates Kansas City, Kansas, as the place of trial.

Respectfully Submitted,


THE LAW OFFICE OF PHILLIP M. MURPHY II

/s/  Phillip M. Murphy II

PHILLIP M. MURPHY II                    #23770
4717 Grand Ave., Ste. 300
Kansas City, MO 64112
Phone: (913) 661-2900
Fax:    (913) 314-5841
E-mail: phillip@phillilpmurphylaw.com
**ATTORNEYS FOR PLAINTIFFS**